# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>WILLIAM ELLIOT MARIGNY, JR.,<br>Defendant. | Case No.  20-mj-70755-MAG-1<br>**ORDER GRANT MOTION TO REVOKE PRETRIAL RELEASE ORDER**<br>[Re: ECF 14] |

Defendant William Elliot Marigny, Jr. is alleged to have masqueraded as a teenage girl on Instagram to induce, entice, persuade, and use preteen and teenage boys to create and send him visual depictions of sexually explicit conduct, and to engage in sexual conduct. Compl. ¶ 7 ECF 1. On October 17, 2020, Defendant was arrested by the Alameda County Sheriff's Office and is currently being held without bail on state charges related to this conduct. Compl. ¶¶ 25-26. On June 11, 2020, a criminal complaint was filed against Defendant for coercing and enticing a minor in violation of 18 U.S.C. § 2422(b). *See* Compl. at 1. That same day, the Court issued a writ of habeas corpus ad prosequendum to require the production of Defendant before the Court. ECF 3.

On July 22, 2020, Magistrate Judge Sallie Kim ordered the pretrial release of Defendant to a halfway house in San Francisco, with his wife as a surety on a bond for $50,000. Tr. of Detention Hearing ("Hearing Tr.") at 9, 12, ECF 21. Among other conditions imposed, Magistrate Judge Kim ordered that Defendant only have access to the Internet for medical or mental health treatment, that he not have any contact with minors unless accompanied by an adult, and that he

not contact any victims in this case. Hearing Tr. 12-13. The release order was stayed for 24 hours. Hearing Tr. 14. On July 23, 2020, the Government filed a Motion to Revoke the Magistrate Court's Pre-Trial Release Order. *See* Mot. to Revoke ("Mot."), ECF 14. Defendant filed an opposition to the Government's motion to revoke. *See* Opp. to Mot. ("Opp."), ECF 22. The Court held a hearing on this matter on July 24, 2020. Defendant waived his appearance. For the reasons stated on the record and below, the Court GRANTS the Government's motion.

## I.   LEGAL STANDARD

Under the Bail Reform Act of 1984 (the "Act"), pretrial detention of a defendant without bail is permitted where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Thus, pretrial detention of a defendant is permitted without bail "where it is demonstrated either that there is a risk of flight or no assurance that release is consistent with the safety of another person or the community." *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). The Government must establish a risk of flight by a preponderance of evidence, while the Government must establish that Defendant is a danger to the community by clear and convincing evidence. *See id.*; *see also* 18 U.S.C. § 3142(f).

Additionally, the Act establishes a rebuttable presumption that "no condition or combination of conditions will reasonable assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe the person committed . . . an offense involving a minor victim under section . . . 2242." 18 U.S.C. § 3142(e)(3)(E). Once this presumption is triggered, "the defendant [must] produce some credible evidence forming a basis for his contention that he will appear and not be a threat to the community." *United States v. Thomas*, 667 F. Supp. 727, 728 (D. Or. 1987); *accord United States v. Castaneda*, No. 18-CR-00047-BLF-1, 2018 WL 888744, at *4 (N.D. Cal. Feb. 14, 2018).

If the defendant offers evidence to rebut the presumption, the Court considers four factors to determine whether the pretrial detention standard is met: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history

1   and characteristics; and (4) the nature and seriousness of the danger to any person or the
2   community that would be posed by the defendant's release.  *See* 18 U.S.C. § 3142(g); *accord*
3   *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).  "The presumption is not erased when a
4   defendant proffers evidence to rebut it; rather the presumption remains in the case as an
5   evidentiary finding militating against release, to be weighed along with other evidence relevant to
6   factors listed in § 3142(g)."  *Hir*, 517 F.3d at 1086 (internal quotation marks omitted).  Despite the
7   statutory presumption, the government retains its burden of proving danger by "clear and
8   convincing evidence."  18 U.S.C. § 3142(f)(2)(B).

9   The district judge may review a magistrate judge's release order on motion by the
10  government or the defendant.  *See* 18 U.S.C. §§ 3145(a)(1)-(2).  The review is de novo and the
11  district judge need not defer to the magistrate judge's findings or give specific reasons for
12  rejecting them.  *United States v. Koenig*, 912 F.2d 1190, 1191-92 (9th Cir. 1990).

## II.  DISCUSSION

The Government argues that Defendant is presumed to be a danger to the community as a matter of law because he is alleged to have exploited a minor victim.  Mot. 8-9.  The Government then argues that Defendant has not overcome the presumption that he is a danger to the community.  Mot. 9-10.  The Government argues that Defendant's conduct was beyond mere "cat-fishing" as Defendant's conduct took time and planning; Defendant used his knowledge of children to identify, groom, and conceal victims; and Defendant used his façade of legitimacy to keep his activity secret.  Mot. 10.  Indeed, the Government argues that the family of Victim 1 expressed their fear of what Defendant is able to do through deception, manipulation, concealment, and exploitation.  Mot. 10.  Additionally, the Government argues that the proposed release plan does not minimize the danger Defendant poses to the community because neither his wife nor the halfway house will be able to sufficiently monitor him; Defendant will not be prevented from leaving the halfway house; and Defendant could gain access to the Internet through a contraband phone.  Mot. 11-12.  Finally, the Government argues that even if the presumption is rebutted the statutory factors still require Defendant's detention.  Mot. 11-15.  Specifically, the Government argues that the nature and circumstances of the offenses charged

3

1  demonstrate the danger Defendant poses to the community, the weight of evidence against
2  Defendant is overwhelming, and Defendant's history and characteristics exacerbate the danger he
3  poses. Mot. 11-15. The Government does not argue the Defendant is a flight risk. Mot. 8.
4      Defendant, on the other hand, argues that he has no prior criminal history that would
5  suggest that there is a risk he would be a danger to the public, other than the Internet-related
6  activity he is presently charged with. Opp. 2. Defendant argues that the only issue is whether the
7  imposed conditions of the halfway house and restriction on Internet access adequately assure that
8  Defendant will not be a danger to the community. Opp. 2. Defendant notes that any use of a
9  contraband phone, or deviation from approved appointments or visits, would violate the terms of
10 Defendant's release and result in his return to custody. Opp. 2. Additionally, Defendant argues
11 that there is no history to support the Government's argument that Defendant would engage in
12 dangerous non-Internet activity. Opp. 2. Finally, Defendant argues that the Government does not
13 suggest why another resident of the halfway house would lend Defendant a phone, which would
14 jeopardize that resident's pretrial release. Opp. 2-3.
15     The Court finds that the § 3142(e) presumption applies here as Defendant is charged with
16 violating 18 U.S.C. § 2422(b) for enticing and coercing a minor, and Defendant does not appear to
17 contest the application of this presumption.
18     As stated at the hearing, the Court is not satisfied that Defendant has rebutted the
19 presumption against pretrial release. The Government only argues that Defendant is a danger to
20 the community, and so the Court does not consider whether Defendant is a flight risk. Defendant
21 argues that the conditions of Defendant's pretrial release – namely, being released to a halfway
22 house, restricting his Internet access, and location monitoring – will assure that Defendant is not a
23 danger to the community. The Court disagrees. First, the Magistrate Judge specifically took off
24 location monitoring as a condition. *See* Hearing Tr. 12 ("And take off the location monitoring.
25 He's going to be free from that."). Second, the Court notes that "the effectiveness of the proposed
26 release conditions, or any conditions that might be imposed, necessarily depends on [Defendant's]
27 good faith compliance." *Hir*, 517 F.3d at 1093. The Court is not satisfied that Defendant has
28 complete control over this conduct or that Defendant will be able to comply in good faith with the

imposed conditions such that the halfway house or Internet restriction conditions will rebut the presumption. While phones and computers may be placed out of reach to limit Defendant's Internet access, they are overwhelmingly available in the community such that Defendant could gain access to the Internet with virtually no supervision and pretrial services would not be sufficiently alerted of Defendant's breach of his conditions. The Court further notes that pretrial services indicated that no halfway house is currently available.

Finally, even if Defendant were able to rebut the presumption of pretrial detention, the Court notes that the § 3142(g) factors weigh against pretrial release. The first factor, the nature and circumstances of the offense charged, weighs against pretrial release. Defendant is charged with coercing and enticing a minor in violation of § 2422(b), which involved possessing and distributing child pornography. Congress has recognized that, "where children are used in its production, child pornography permanently records the victim's abuse, and its continued existence causes the child victims of sexual abuse continuing harm by haunting those children in future years." Child Pornography Prevention Act of 1996, Pub. L. No. 104-208 § 121, 110 Stat. at 3009, 3009-27 (1996). Additionally, the Supreme Court has said that child pornography "produces concrete and devastating harms for real, identifiable victims." *Paroline v. United States*, 572 U.S. 434, 457 (2014). Courts considering the matter have thus found that the nature of the offense of possessing child pornography weighs in favor of detention. *See United States v. Bell*, No. SACR 08-00087-MMM, 2008 WL 11411709, at *2 (C.D. Cal. June 6, 2008) (collecting cases).

The second factor, weight of the evidence against Defendant, also weighs against releasing Defendant. This is the "least important of the various factors"; however, the Court is still required to consider the evidence in terms of the likelihood Defendant will pose a danger. *Hir*, 517 F.3d at 1090. The weight of the evidence against Defendant is considerable. *See* 18 U.S.C. § 3142(g)(2). The evidence includes photos Defendant sent of himself to one of the minor victims using Instagram; texts to a law enforcement officer whom Defendant believed to be the same minor victim; and law enforcement officers saw a phone ring in Defendant's bag when a law enforcement officer called the cell phone number he gave to a minor victim.

The third factor, Defendant's history and characteristics, also weighs against pretrial

5

release. The Court recognizes that Defendant grew up in California, is a veteran, suffers from posttraumatic stress disorder, and was abused as a child. The Court also recognize Defendant's family ties and lack of an extensive criminal history. As stated at the hearing, however, the Court is concerned by Defendant's prior employment and community ties as both have allowed Defendant to have access to children and teenagers and build a rapport with them, which mirrors the pattern of many child predators.

Lastly, the fourth factor, the nature and seriousness of the danger to the community, also weighs against pretrial release. As noted above, the potential further commission of similar offenses against minor victims poses a grave risk to potential victims and the community at large. The production, collection, and/or transmission of child pornography inflicts lifelong damage on its victims. Furthermore, child pornography can be transmitted and received in secret – as was done at least initially here.

Accordingly, weighing these factors together, and giving due weight to the severity of the alleged offense and the magnitude of risk to the community, the Court finds that the Government has proven by clear and convincing evidence that Defendant is a danger to the community and that there is no combination of conditions that will reasonably assure the safety of any other person and the community. The Court also notes that because of Defendant's pending state charges, Defendant would not be released in any event and would be transferred to the custody of the state.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS the Government's motion to revoke the magistrate court's pretrial release order.

**IT IS SO ORDERED.**

Dated: July 24, 2020

BETH LABSON FREEMAN
United States District Judge